# United States District Court
# Eastern District of California

| | |
|---|---|
| ADAM JACKSON BRAGG, | 08-CV-02343 TJH |
|     Petitioner, | |
| v. | Order |
| JAMES WALKER, WARDEN, | |
|     Respondent. | |

    Petitioner was convicted of three counts of attempted murder and of possessing a firearm as a felon. The jury found the crimes to be in furtherance of gang activity, and a gang enhancement was applied to the three attempted murder counts. Petitioner's final sentence was an indeterminate term of fifty years to life and a consecutive determinate term of thirty-five years. The California Court of Appeal affirmed Petitioner's conviction and sentence, and the California Supreme Court denied review.

    Petitioner raises three claims in his petition for *habeas* relief: First, that the trial court erroneously instructed the jury regarding the concept of concurrent intent liability for attempted murder; Second, that the trial court erroneously instructed the jury regarding gang enhancements; and Third, that the consecutive gang enhancement sentences on counts two and three violate the California penal code and a constitutionally protected liberty interest.

The petition is governed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326, 117 S. Ct. 2059, 2063, 138 L. Ed. 2d 481, 488 (1997). Under the AEDPA, a federal court may not grant a writ of *habeas corpus* unless the state court's adjudication was either: 1) Contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or 2) Based on an unreasonable determination of the facts in light of the evidence presented at the State Court proceeding. 28 U.S.C. § 2254(d)(1-2). Petitioner has not demonstrated that he is entitled to relief under this standard.

First, Petitioner argues that the "kill zone" jury instructions allowed the jury to find him guilty of attempted murder, counts two and three, without requiring the jury to find that he acted with the necessary intent. However, the jury instructions were not contrary to, nor an unreasonable application of, clearly established Supreme Court precedent. Federal constitutional error requires a reasonable likelihood that the jury applied the instructions in a way that violates the Constitution. *Estelle v. McGuire*, 502 U.S. 62, 72, 112 S. Ct. 475, 482, 116 L. Ed. 2d 385, 398 (1991). An erroneous jury instruction must so infect the entire trial that the resulting conviction violates due process. *Middleton v. McNeil*, 541 U.S. 433, 437, 124 S. Ct. 1830, 1832, 158 L. Ed. 2d 701, 707 (2004). Here, the instructions clearly informed the jury that intent to kill was a necessary element of the offense, and that it applied to all three attempted murder charges. There is not a reasonable likelihood that the jury applied the jury instructions in an unconstitutional manner. Thus, the Petitioner does not qualify for *habeas* relief on his jury instruction claim.

Second, Petitioner's argument that the trial court erroneously instructed the jury on the availability of gang enhancements does not warrant *habeas* relief under the AEDPA. While the trial court incorrectly instructed the jury that assault with serious bodily injury qualifies as a predicate offense capable of supporting a gang enhancement sentence, it is harmless error. California law permits the charged offense to be

considered in determining a pattern of criminal street gang activity. *See People v. Gardeley*, 14 Cal. 4th 605, 624-25, 59 Cal. Rptr.2d 356, 368-69 (1996). Therefore, the Petitioner's conviction for attempted murder qualifies as a predicate offense, and the jury was so aware. With two qualifying predicate offenses permitting a gang enhancement sentence, the jury instruction error did not infect the entire trial and violate Petitioner's due process rights. *See Estelle*, 502 U.S. at 71. Nor did the trial court's error have a substantial or injurious effect or influence in determining the jury's verdict. *See Brecht v. Abrahamson*, 507 U.S. 619, 623, 113 S. Ct. 1710, 1714, 123 L. Ed. 2d 353, 363 (1993). Harmless error does not qualify for *habeas* relief under the AEDPA. *Brecht*, 507 U.S. at 637-38.

Third, and finally, whether imposing consecutive gang enhancement sentences on counts two and three warrant *habeas* relief is a question of state law, and not one that creates a constitutionally protected liberty interest. First, the Ninth Circuit has already determined that Petitioner's exact claim is not a cognizable federal *habeas* claim under the AEDPA. *See Watts v. Bonneville*, 879 F.2d 685, 687 (9th Cir. 1989). Second, no liberty interest is violated by imposing consecutive sentences because Petitioner committed three distinct attempted murder offenses, all on behalf of a criminal street gang. *See Albernaz v. U. S.*, 450 U.S. 333, 343-44, 101 S. Ct. 1137, 1144, 67 L. Ed. 2d 275, 284-85 (1981). Enhancing those three offenses is appropriate. Third, because each offense required proof of a fact which the others did not, Petitioner's sentence does not violate constitutional restrictions on multiple punishments. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182, 76 L. Ed. 306, 309 (1932). Thus, Petitioner's third claim fails under the AEDPA.

It is Ordered that the Petition be, and hereby is, Denied.

Date: December 21, 2012

_____
Terry J. Hatter, Jr.
Senior United States District Judge